UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANIEL LEE EBY,

                     Petitioner,

      v.

RANDY BLADES,

                     Respondent.

Case No. 3:02-cv-00113-MHW

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Petitioner Daniel Lee Eby's Amended Petition for

Writ of Habeas Corpus. (Dkt. 13.) Respondent has filed a Motion for Partial Summary

Dismissal. (Dkt. 21.) Petitioner has filed a response to the Motion, and Respondent has

filed a Reply. (Dkt. 24, 26.) Petitioner has also filed a Motion for Appointment of

Counsel. (Dkt. 25.) The Court takes judicial notice of the records from Petitioner's state

court proceedings, lodged by Respondent on September 6, 2013. (Dkt. 22.) *See* Fed. R.

Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge

to conduct all proceedings in this case (Dkt. 20). *See* 28 U.S.C. § 636(c). Having carefully

reviewed the record, including the state court record, the Court finds that the parties have

adequately presented the facts and legal arguments in the briefs and record and that oral

argument is unnecessary. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the

**MEMORANDUM DECISION AND ORDER  1**

following Order granting in part Respondent's Motion for Partial Summary Dismissal and dismissing Claims Two, Five, and Six as procedurally defaulted.

The Court concludes that Claim Three is also procedurally defaulted, but because Respondent did not move for summary dismissal of Claim Three on that ground, Petitioner shall have 21 days from the date of this Order within which to file a brief establishing cause and prejudice to excuse the procedural default of Claim Three. If no such brief is filed, or if that brief does not establish cause and prejudice, the Court will dismiss Claim Three with prejudice as procedurally defaulted.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Eby*, 37 P.3d 625 (Idaho Ct. App. 2001), which is contained in the record at State's Lodging B-3. The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

In the First Judicial District of the State of Idaho, in Kootenai County, Petitioner was convicted of first degree murder (either with premeditation or during the course of a felony[1]), conspiracy to commit robbery, and attempted robbery. (State's Lodging B-3.) On appeal, Petitioner argued that (1) the admission of a co-conspirator's statements to police violated Petitioner's right to confrontation under the Sixth Amendment; (2) the admission

---

[1] The State argued that Petitioner committed either premeditated murder or felony murder, and the jury's verdict did not identify the theory under which Petitioner was found guilty.

**MEMORANDUM DECISION AND ORDER  2**

of Petitioner's statements to police violated his Fifth Amendment right against self-incrimination because the police did not cease questioning Petitioner after he told them that he had a lawyer; (3) Petitioner's conviction for attempted robbery had to be vacated because the attempted robbery merged with the offense of felony murder; and (4) the court should have instructed the jury on a "threats and menaces," or duress, defense. (State's Lodging B-1.)

The Idaho Court of Appeals held that although the admission of the co-conspirator's statements violated the Sixth Amendment, the error was harmless beyond a reasonable doubt. (State's Lodging B-3 at 4-7.) The court also held that Petitioner's statement to the police, "I've got an attorney," was an ambiguous request for counsel and that detectives were therefore not required to stop the interrogation. (*Id*. at 2-4.) The court rejected Petitioner's argument regarding the threats and menaces instruction because the evidence did not support that instruction. (*Id*. at 7-8.) However, the Idaho Court of Appeals agreed that Petitioner's sentence for attempted robbery was improper because it merged with Petitioner's sentence for first-degree murder, and the court therefore vacated the attempted robbery conviction. (*Id*. at 8-9.) The court denied Petitioner's petition for rehearing. (State's Lodging B-6.)

Petitioner filed a petition for review with the Idaho Supreme Court, arguing that the court of appeals erred when it conducted a harmless error analysis with respect to the Confrontation Clause issue because the jury's general verdict did not indicate whether

Petitioner was convicted of premeditated murder or of felony murder. (State's Lodging B-8 at 1-5.) He argued also that the jury should have been instructed on a threats and menaces defense. (*Id*. at 5-6.) Petitioner did not renew his Fifth Amendment argument regarding his inculpatory statements to police. The Idaho Supreme Court denied the petition for review. (State's Lodging B-9.)

Petitioner filed a postconviction petition in state court, beginning a long process that the Idaho Supreme Court later described as "shocking and disgraceful neglect" of Petitioner's case by a series of appointed attorneys. (State's Lodging D-8 at 1.) After years of deficient representation, Petitioner's postconviction petition was dismissed for inactivity. The Idaho Supreme Court held, as a matter of first impression, that Idaho Rule of Civil Procedure 60(b) may, in some circumstances, be used to challenge such a dismissal. (*Id*. at 4-7.) On remand from the Idaho Supreme Court, the state district court reopened the case under Rule 60(b) and appointed new postconviction counsel for Petitioner. (State's Lodging E-1 at 4.)

Petitioner then filed an amended petition for postconviction relief, asserting the following claims: (1) Petitioner was denied his right to conflict-free counsel; (2) newly discovered evidence required that Petitioner's convictions be vacated in the interests of justice under Idaho Code § 19-4901(a)(4)[2]; and (3) ineffective assistance of trial counsel

---

[2] Idaho Code § 19-4901(a)(4) allows a petitioner to apply for postconviction relief if "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." Such claims are governed by a four-part test, and a petitioner must show "(1) that the evidence is newly discovered and was

**MEMORANDUM DECISION AND ORDER  4**

on various grounds. (*Id*. at 7-9.) Following an evidentiary hearing (State's Lodging E-4), the trial court denied the postconviction petition.

Petitioner filed a pro se appeal, arguing that the district court erred in denying relief on (1) his claim that he was denied conflict-free counsel, and (2) his newly discovered evidence claim. (State's Lodging F-5.) Although Petitioner stated in the "Issues" statement in his opening brief that he was also appealing the district court's denial of his ineffective assistance of counsel claims (*id*. at 2), he did not include any argument to that effect in the body of his brief.

The Idaho Court of Appeals affirmed the denial of postconviction relief, holding that there was no evidence in the record that any conflict of interest was likely to result in prejudice to Petitioner and that the newly discovered evidence was not material because is was merely impeaching. (State's Lodging F-8 at 7-8.) With respect to Petitioner's attempt to raise claims of ineffective assistance of counsel, the court concluded that his failure to assert specific facts as to these claims constituted a waiver under *State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996), which held that a party waives an issue on appeal by failing to include either authority or argument in the appellate briefs. (State's Lodging F-8 at 8-10.) The Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging F-

---

unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due in no part to lack of diligence on the part of the defendant." *Whiteley v. State*, 955 P.2d 1102, 1105 (Idaho 1998) (quoting *State v. Drapeau*, 551 P.2d 972, 978) (Idaho 1976)).

**MEMORANDUM DECISION AND ORDER  5**

11.)

During the pendency of his state postconviction proceedings, Petitioner filed the instant federal Petition. The Court stayed the case while Petitioner continued to pursue postconviction relief in state court. (Dkt. 8.) Following the completion of state proceedings, Petitioner filed an Amended Petition, which asserts the following claims:

Claim One: The admission of a co-conspirator's statements implicating Petitioner in the murder violated the Sixth Amendment.

Claim Two: The admission of Petitioner's inculpatory statements to police violated the Fifth Amendment.

Claim Three: The trial court denied Petitioner his constitutional right to present a defense by refusing to instruct the jury on a threats and menaces defense.

Claim Four: Petitioner was denied his right to conflict-free counsel.

Claim Five: Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel based on counsel's (a) failure to communicate with Petitioner, (b) refusal to allow Petitioner to testify on his own behalf, and (c) instruction to Petitioner that he should not speak to the pre-sentence investigator.

Claim Six: The police or prosecutor withheld favorable evidence from the defense.

(Am. Pet., Dkt. 13, at 4-11.)

## PETITIONER'S MOTION
## FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A

habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Prior to reaching the merits of the claims in the Petition, the Court must address a narrow procedural issue—whether Petitioner properly presented his federal claims to the Idaho Supreme Court and whether, if not, cause and prejudice (or actual innocence) exists to excuse that failure—for which appointment of counsel is not required. Further, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date. The Court understands that Petitioner does not have legal training or legal resources; therefore, the Court independently reviews the case citations and references provided by the State for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the State apply. Finally, the appellate review process before the United States Court of Appeals for the Ninth Circuit is available to ensure that the case has been adjudicated according to the proper legal standards. For these reasons, the Court will deny Petitioner's Motion for Appointment of

Counsel.

## RESPONDENT'S MOTION FOR
## PARTIAL SUMMARY DISMISSAL

Respondent moves for summary dismissal of Claims Two, Three, Five, and Six on the grounds that (1) Claim Three is non-cognizable, meaning that the Court lacks the authority to grant habeas relief on that claim, and (2) Claims Two, Five, and Six are procedurally defaulted. Although the first argument fails, the second is persuasive.

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in the light most favorable to the petitioner.

**2.      Claim Three Is Cognizable on Federal Habeas Review Because It Asserts a
          Violation of the United States Constitution**

Respondent erroneously contends that Claim Three "is non-cognizable in a federal habeas proceeding because it challenges the state court's application of state law." (Dkt. 21-1 at 18.) The Amended Petition plainly states that Claim Three is asserted as a constitutional claim. That Petitioner fully exhausted Claim Three only as a state law claim in the Idaho courts may mean the claim is procedurally defaulted (*see* § 4, *infra*), but it does not transform the nature of the claim. Respondent's Motion is without merit with

**MEMORANDUM DECISION AND ORDER  8**

respect to Claim Three.

The Court will now consider whether Claims Two, Three, Five, and Six are procedurally defaulted.

**3.     Standard of Law Governing Procedural Default**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim, "regardless of whether the petitioner [is]

proceeding pro se." *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis omitted).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a state court's procedural bar must be one that is "'clear, consistently applied, and well-established' at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on federal grounds and is not intertwined with federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

**4.    Claims Two, Three, Five, and Six Are Procedurally Defaulted**

### A.    *Claim Two: Fifth Amendment Right to Remain Silent*

Claim Two alleges that the admission at trial of Petitioner's incriminating statements to police violated the Fifth Amendment because detectives continued their questioning even after Petitioner told them, "I've got an attorney." Petitioner raised this claim in his direct appeal. (State's Lodging B-1 at 12-15.) However, he did not raise this Fifth Amendment issue in his petition for review with the Idaho Supreme Court. *See O'Sullivan*, 526 U.S. at 847. Rather, the petition for review argued only that the trial court violated Petitioner's right to confrontation and right to present a defense. (State's Lodging B-8.) Therefore, Claim Two was not properly exhausted. Because there is no avenue for Petitioner to return to state court to properly exhaust Claim Two, *see* Idaho Code § 19-4908, that claim is procedurally defaulted.

### B.    *Claim Three: Due Process Right to Present a Defense*

Respondent does not argue procedural default as to Claim Three, which asserts that Petitioner was denied his constitutional right to present a defense when the trial court did not instruct the jury on a threats and menaces defense. Therefore, the Court discusses *sua sponte* the procedural default issue as to Claim Three.

In the issues statement in his brief on direct appeal, Petitioner described one of the issues as whether the trial court denied Petitioner "his constitutional right to present a defense by refusing to instruct the jury as to a threats and menaces defense." (State's

Lodging B-1 at 6.) He also listed this issue in the heading of one of the sections of the brief. (*Id*. at 17.) However, in the body of the brief, Petitioner asserted only that the trial court should have given the instruction under state law, pursuant to Idaho Code § 18-201(4). For this proposition Petitioner cited *State v. Spurr*, 755 P.2d 1315, 1317 (Idaho Ct. App. 1994). (State's Lodging B-1 at 17.) He did *not* argue that he was improperly denied his due process right to present a defense. The passing references to Petitioner's "constitutional" right to present a defense in his appellate brief do not constitute fair presentation of Claim Three to the Idaho Court of Appeals. *See Hiivala*, 195 F.3d at 1106.

Petitioner did argue in his petition for review to the Idaho Supreme Court that the failure to give the threats and menaces instruction violated his constitutional right to due process. (State's Lodging B-8 at 5.) However, raising a federal constitutional issue for the first time in a petition for discretionary review in the highest state court does not fairly present the issue for purposes of a procedural default analysis. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Centers v. Yehezkely*, 706 P.2d 105, 106 (Idaho Ct. App. 1985) (per curiam) ("It is well settled that when a second appeal is taken, the appellants may not raise issues in the higher court different from those presented in the intermediate court."). Because Petitioner did not properly exhaust Claim Three as a federal claim in the Idaho state courts, and because it is now too late to do so, that claim is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER  12**

## C.    *Claim Five: Ineffective Assistance of Trial Counsel*

Claim Five alleges ineffective assistance of trial counsel on various grounds: (a) failing to communicate with Petitioner, (b) refusing to allow Petitioner to testify on his own behalf, and (c) instructing Petitioner not to speak with the pre-sentence investigator. Although Petitioner raised each of these ineffective assistance claims in his amended petition for state postconviction relief (State's Lodging E-1 at 8-9), on appeal he referenced these claims only in passing, stating generally that the trial court erred "in denying [Petitioner's] ineffective assistance of counsel claim's [sic]." (State's Lodging F-5 at 2.)

In declining to address the ineffective assistance claims, the Idaho Court of Appeals invoked the procedural rule that a party "waives an issue on appeal if either authority or argument is lacking." (State's Lodging F-8 at 10.) The Ninth Circuit held over a decade ago that this rule is an adequate and independent state procedural bar, *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001), and Petitioner does not suggest that the rule is unclear or has been inconsistently applied, *see Klauser*, 266 F.3d at 1093-94.

Because Claim Five and its sub-claims were rejected by the Idaho Court of Appeals on an adequate and independent procedural ground, those claims are procedurally defaulted.

## D.    *Claim Six:* **Brady** *Violation*

Petitioner alleges in Claim Six that the police or prosecutor withheld favorable

evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner claims (1) that a detective destroyed a drawing, made by Petitioner's co-

defendant, of the weapon Petitioner used in the murder; and (2) that a pipe wrench found

at the crime scene was sent to be tested but was never admitted into evidence at trial.

(Am. Pet. at 11.)

Petitioner raised a *Brady* claim in his initial postconviction petition. (State's

Lodging C-1 at 15.) However, after the trial court reopened the postconviction case

following remand from the Idaho Supreme Court, Petitioner (through new counsel) filed

an amended postconviction petition that did not include a *Brady* claim. (State's Lodging

E-1 at 6-10.) Because Petitioner can no longer properly exhaust this claim in state court,

Idaho Code § 19-4908, Claim Six is procedurally defaulted.

### E.    *Conclusion Regarding Defaulted Claims*

For the reasons set forth above, Claims Two, Three, Five, and Six are procedurally

defaulted. However, that conclusion does not end the inquiry. If a claim is procedurally

defaulted, a federal court can still hear the merits of the claim if the petitioner meets one

of two exceptions: (1) a showing of adequate legal cause for the default and prejudice

arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a

showing of actual innocence, which means that a miscarriage of justice will occur if the

claim is not heard in federal court. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray

v. Carrier*, 477 U.S. 478, 488 (1986).

**5.**     **Petitioner Has Not Established Cause and Prejudice to Excuse the Procedural Default of Claims Two, Five, or Six**

**A.**     *General Standard of Law for Cause and Prejudice under* **Coleman v. Thompson**

A procedurally defaulted claim may be heard on the merits if a petitioner establishes cause and prejudice to excuse the default. *Coleman*, 501 U.S. at 750. To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B.**     *Standard of Law for Cause and Prejudice under* **Martinez v. Ryan**

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during the postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established a limited exception to this general rule that applies only to Sixth Amendment ineffective assistance of counsel

("IAC") claims. *Martinez* held that inadequate assistance of postconviction review ("PCR") counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. In *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit expanded *Martinez*, holding that it can also apply to excuse the procedural default of claims asserting ineffective assistance of direct appeal counsel.

In *Trevino v. Thaler*, the Supreme Court described the *Martinez* analysis as consisting of four prongs:

> We consequently read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21) (alterations in original).

With respect to the first prong of this analysis, a petitioner seeking to rely on *Martinez* must bring forward facts demonstrating that his underlying IAC claim is substantial. The Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of

**MEMORANDUM DECISION AND ORDER  16**

appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319. Determining whether an IAC claim is substantial requires a federal district court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

At the second step in the *Martinez* inquiry, a petitioner must show either that he had no counsel on initial postconviction review, or that his PCR counsel was "ineffective under the standards of *Strickland*." 132 S. Ct. at 1318; *see Trevino*, 133 S. Ct. at 1918. As to PCR counsel's performance, not just any error or omission of PCR counsel will be deemed "deficient performance" that will satisfy *Martinez*; if the PCR "attorney in the initial-review collateral proceeding did not perform below constitutional standards," the PCR attorney's performance does not constitute "cause." 132 S. Ct. at 1319. Importantly, PCR counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). If PCR counsel's performance is deficient, then the court must consider whether that performance was prejudicial under *Strickland*. *Clabourne v. Ryan*, No. 09-99022, ___ F.3d ___, 2014 WL 866382, *11 (9th Cir. March 5, 2014).

With respect to the third prong of the analysis, the *Martinez* exception applies only to the lack of counsel or ineffectiveness of counsel in the *initial* postconviction review proceeding. It "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance." *Martinez*, 132 S. Ct. at 1320. Rather, the Court in *Martinez* was singularly concerned that, if ineffective assistance of trial counsel claims were not brought in the collateral proceeding which provided the first occasion to raise such claims, the effect was that the claims could not be brought at all. *Id.* at 1316. Therefore, a petitioner may not assert as cause attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's appellate courts." *Id.* at 1320.

As to the fourth *Martinez* prong—that state law must require IAC claims to be brought in an initial-review collateral proceeding—the Supreme Court in *Trevino* extended *Martinez* to apply not only where a State *requires* IAC claims to be raised in postconviction proceedings, but also where a State's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921. Therefore, *Martinez* applies in Idaho where the post-conviction setting was the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside the record could have been brought and

developed in an evidentiary hearing. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (recognizing that in Idaho the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," though in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record").

### C. *Analysis of Cause and Prejudice as Applied to Petitioner's Claims*

#### i. Traditional, or *Coleman*, Cause and Prejudice

Petitioner does not assert that traditional, or *Coleman*, cause exists to excuse the procedural default of his claims with the exception of Claim Two—that the admission at trial of Petitioner's inculpatory statements to police violated his Fifth Amendment right against compelled self-incrimination. As to that claim, Petitioner asserts that the "should not be denied a meaningful opportunity to be heard due to the complete failure of the appointed counsel to provide competent representation." (Dkt. 24 at 2-3.) Because Claim Two was raised on direct appeal but defaulted when Petitioner failed to raise it in his petition for discretionary review with the Idaho Supreme Court, it appears Petitioner is asserting that ineffective assistance of discretionary review counsel constitutes cause to excuse the procedural default of Claim Two.

However, "[i]neffective assistance of counsel can constitute cause to excuse a procedural default [of a non-IAC claim] only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred." *Smith v. Idaho*, 392 F.3d 350,

357 (9th Cir. 2004). And it is well-established that criminal defendants do *not* have a constitutional right to counsel on discretionary appeals to a state's highest court. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Therefore, the failure of discretionary review counsel to raise Petitioner's Fifth Amendment claim cannot serve as cause to excuse the procedural default of that claim.

As to Claim Three, because Respondent did not move for dismissal of this claim on procedural default grounds, but instead on the incorrect assertion that Claim Three was not an available ground for relief in this federal habeas action, Petitioner was not on notice that he should attempt to show cause and prejudice for the procedural default of this claim. Therefore, Petitioner shall have 21 days after entry of this Order to file a brief setting forth any grounds that he believes establish cause and prejudice to excuse the procedural default of Claim Three.[3]

The Court now turns to Petitioner's argument that cause exists under *Martinez* to excuse the procedural default of his claims of ineffective assistance of trial counsel.

ii.    *Martinez* Cause and Prejudice

Because the *Martinez* exception applies only to IAC claims, the only defaulted claim to which it might apply is Claim Five, including its sub-claims. *See Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (declining to apply *Martinez* to a *Brady*

---

[3] Because Claim Three is not an ineffective assistance of counsel claim, *Martinez v. Ryan* cannot be used to establish cause and prejudice as to that claim. *See Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013).

**MEMORANDUM DECISION AND ORDER  20**

claim), *cert. denied*, Mar. 31, 2014. However, the default of Petitioner's IAC claims was not caused by any failure to include the claims in the amended postconviction petition—but by Petitioner's failure *on appeal* to support those postconviction claims with argument or citation to specific facts. (State's Lodging F-8 at 8-10.) The United States Supreme Court has stated definitively that *Martinez* does not apply to lack of PCR counsel or to ineffective PCR counsel in "appeals from initial-review collateral proceedings." *Martinez*, 132 S. Ct. at 1318, 1320. Therefore, Petitioner has failed to satisfy the third prong of the *Martinez* analysis because the proceeding in which his IAC claims were defaulted was not the initial review collateral proceeding. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike Martinez, Arnold has already had his day in court; deprivation of a second day does not constitute cause.") *Martinez* does not apply to excuse the procedural default of Petitioner's IAC claims.

6. **Miscarriage of Justice**

The Court now considers the second exception to the procedural default doctrine. Procedural default is excused if the court's refusal to hear the merits of the claims would result in a miscarriage of justice. A petitioner seeking to invoke the miscarriage of justice exception must establish that he is actually innocent. *See Schlup*, 513 U.S. at 329 (1995); *Murray*, 477 U.S. at 488.

**MEMORANDUM DECISION AND ORDER  21**

Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Types of evidence that can establish factual innocence include credible declarations of guilt by another person, *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), reliable eyewitness accounts, *Schlup*, 513 U.S. at 331, and exculpatory scientific evidence, *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

Petitioner has not met the heavy burden of showing that he is actually innocent. His bare statements that a miscarriage of justice will result are insufficient. Petitioner simply has not established that, more likely than not, every reasonable juror would vote to acquit.

## CONCLUSION

Claims Two, Three, Five, and Six of the Amended Petition are procedurally defaulted. Because Petitioner has not established that he is excused from the default of Claims Two, Five, or Six, those claims will be dismissed. Petitioner shall have 21 days from the date of this Order to establish cause and prejudice for the procedural default of

**MEMORANDUM DECISION AND ORDER 22**

Claim Three.

## ORDER

**IT IS ORDERED:**

1.   Petitioner's Motion for Appointment of Counsel (Dkt. 25) is DENIED.

2.   Respondent's Motion for Partial Summary Dismissal (Dkt. 21) is

     GRANTED IN PART. Claims Two, Five, and Six of the Petition are

     DISMISSED with prejudice.

3.   Petitioner shall have **21 days** after entry of this Order to file a brief showing

     cause and prejudice to excuse the procedural default of Claim Three. The

     brief shall not exceed 10 pages. If Petitioner does not timely file a brief, or

     if Petitioner's brief does not establish cause and prejudice, Claim Three will

     be dismissed with prejudice.

DATED: **April 8, 2014**

_____
Honorable Mikel H. Williams
United States Magistrate Judge